IN THE UNITED STATES DISTRICT COURT **RECEIVED**
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION        2018 NOV 19 P 4: 16

| | |
|---|---|
| LAKENDRA COOK, CHRISTOPHER GRAY, and SHARON MOTLEY, on behalf of themselves and those similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>HAL TAYLOR, in his official capacity as Secretary of the Alabama Law Enforcement Agency,<br><br>Defendant. | DEBRA P. HACKETT, CLK<br>U.S. DISTRICT COURT<br>MIDDLE DISTRICT ALA<br><br>Case No. 2:18-cv-977-WKW<br><br>(CLASS ACTION) |

## PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

Plaintiffs Lakendra Cook, Christopher Gray, and Sharon Motley hereby move the Court pursuant to Rule 23(a), (b)(2), and (g) of the Federal Rules of Civil Procedure for certification of a class. In support of this Motion, Plaintiffs state as follows:

1. Ms. Lakendra Cook, Mr. Christopher Gray, and Ms. Sharon Motley move for certification of and seek to represent a Class, which is proposed to be defined as:

   All individuals whose driver's licenses are suspended for nonpayment of traffic tickets.

2. Certification is appropriate under Rule 23(a)(1) because joinder is impracticable. The Class includes thousands of individuals who are spread across the state, are low-income, and would not have the ability to litigate their claims individually.

3. Certification is appropriate under Rule 23(a)(2) because the claims of the Class are common. The legal and factual issues causing injury to the Class derive from courts suspending driver's licenses pursuant to Alabama Rule of Criminal Procedure 26.11(i)(3) for

failure to pay a fine, penalty, and/or court costs without any meaningful notice, pre-deprivation hearing, or determination of ability to pay, as well as ALEA's enforcement of the suspension.

4. Certification is appropriate under Rule 23(a)(3) because the claims of Plaintiffs Cook, Gray, and Motley are typical of those of the putative Class members. Alabama Rule of Criminal Procedure 26.11(i)(3) and the challenged practices equally apply to the named Plaintiffs and all other putative members of the Class.

5. Certification is appropriate under Rule 23(a)(4) and 23(g) because Plaintiffs Cook, Gray, and Motley can adequately represent the Class and are represented by competent counsel. They have no conflicts with the putative Class members, are willing and able to lead the litigation, and have experienced counsel.

6. Certification is appropriate under Rule 23(b)(2) because ALEA has acted on grounds generally applicable to members of the Class through the challenged practices and pursuant to Rule 26.11(i)(3). The ongoing violation of the constitutional rights of Plaintiffs and the putative members of the Class can be resolved through class-wide injunctions. Specifically, Plaintiffs Cook, Gray, and Motley seek an injunction on behalf of the Class that would mandate that ALEA lift current license revocations entered pursuant to Rule 26.11(i)(3), reinstate licenses without charging a reinstatement fee if nonpayment is the only reason for the suspension, and provide notice to license-holders of this change. Plaintiffs also seek a declaration that both Rule 26.11(i)(3) and ALEA's enforcement of the Rule are unconstitutional.

7. For these reasons and the reasons set forth in the accompanying Memorandum, the declarations of Plaintiffs and Mr. West and the Exhibits appended thereto, and any other matters presented to the Court, Plaintiffs respectfully request the Court grant this Motion and certify the Class.

Dated November 19, 2018.                    Respectfully submitted,

/s/ Micah West

Micah West
*On behalf of Counsel for Plaintiffs*

Micah West (ASB-1842-J82F)
Sara Zampierin (ASB-1695-S34H)
SOUTHERN POVERTY LAW CENTER
400 Washington Avenue
Montgomery, Alabama 36104
Telephone: (334) 956-8200
Fax: (334) 956-8481
micah.west@splcenter.org
sara.zampierin@splcenter.org

Danielle Davis*
SOUTHERN POVERTY LAW CENTER
201 St. Charles Avenue, Suite 2000
New Orleans, LA 70170
Telephone: (504) 526-8982
Fax: (504) 486-8947
danielle.davis@splcenter.org

*application for pro hac vice forthcoming

**Attorneys for Plaintiffs**

## CERTIFICATE OF SERVICE

I hereby certify that arrangements have been made to deliver a true and correct copy of the foregoing by process service to the following parties, at the below addresses:

Hal Taylor, Secretary of Alabama Law Enforcement Agency
201 South Union Street, Suite 3000
Montgomery, AL 36130

Formal proof of service will be filed with the Court when completed.

I further certify that arrangements have been made to deliver a true and correct courtesy copy of the foregoing by hand delivery and by electronic mail to the following:

James W. Davis, Section Chief
Constitutional Defense Section
Office of the Attorney General
501 Washington Avenue
Montgomery, AL 36104
E: jimdavis@ago.state.al.us

DATED this November 19, 2018.

_____
Micah West