IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| LAKENDRA COOK, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:18-CV-977-WKW |
| | ) | (WO) |
| HAL TAYLOR, | ) | |
| | ) | |
| Defendant. | ) | |

## **ORDER**

This case is about the constitutionality of an Alabama rule that allows the State to suspend individuals' driver's licenses for not paying traffic tickets. Before the court is Defendant's motion to stay discovery and all Rule 26 obligations pending a ruling on its motion to dismiss. (Doc. # 28.) Defendant's motion to dismiss raises several jurisdictional attacks on Plaintiffs' complaint, including standing, mootness, and sovereign immunity, in addition to challenging the merits. (Docs. # 20, 21.) Defendant argues a stay of discovery is warranted because it would conserve the parties' and the court's resources while threshold issues of jurisdiction and sovereign immunity are litigated. Plaintiffs oppose a stay of discovery. They encourage the court to "take a 'peek' at the merits of the motion to dismiss and balance the harm produced by delaying discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery." (Doc. # 33, at 1.) For

the following reasons, the court will grant Defendant's motion and stay discovery pending a ruling on Plaintiffs' motion to dismiss.

"[D]istrict courts are entitled to broad discretion in managing pretrial discovery matters." *Perez v. Miami–Dade Cty.*, 297 F.3d 1255, 1263 (11th Cir. 2002). Trial courts have a responsibility to "manage pretrial discovery properly in order to avoid a massive waste of judicial and private resources and a loss of society's confidence in the courts' ability to administer justice." *Id.* (quotation omitted). "Granting a discovery stay until an impending motion to dismiss is resolved is a proper exercise of that responsibility." *Rivas v. The Bank of New York Mellon*, 676 F. App'x 926, 932 (11th Cir. 2017).

"Facial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should . . . be resolved before discovery begins." *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997) (footnote omitted). "Such a dispute always presents a purely legal question; there are no questions of fact because the allegations contained in the pleading are presumed to be true. Therefore, neither the parties nor the court have any need for discovery before the court rules on the motion." *Id.* (citations omitted).

The court finds that a stay is justified here. Defendant has raised four grounds for dismissal that are potentially dispositive of the entire case — sovereign immunity, standing, mootness, and failure to state a claim. Those grounds present

purely legal issues that do not require factual investigation. And sovereign immunity presents a special concern that a party raising the defense should not be subjected to the burdens of litigation before the defense has been decided. *See Bouchard Transp. Co. v. Fla. Dep't of Envtl. Prot.*, 91 F.3d 1445, 1448 (11th Cir. 1996) (quoting *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)). Indeed, the Eleventh Circuit has explicitly held that the district court must resolve a claim of immunity before subjecting a party asserting it to discovery or Rule 26 obligations. *Howe v. City of Enterprise*, 861 F.3d 1300, 1302–03 (11th Cir. 2017).

Plaintiff argues that Defendant's immunity argument is meritless. That may very well be. But the court may not, in the face of these authorities, order Defendant to participate in discovery while its immunity defense remains pending. Nor will the court take a "peek" at the merits of the motion to dismiss at this point. Plaintiff cites no binding authorities that require the court to preview its ruling on a motion to dismiss in a ruling on a motion to stay discovery. In examining the source of the notion that the court should take a peek at the merits of the motion to dismiss in deciding whether to stay discovery, Judge Steele noted that it originated with a Magistrate Judge who cited no authority for it, yet was passed on from Magistrate Judge to Magistrate Judge until it was stated *permissively — i.e.*, that the court "may," but does not have to, take a peek at the merits — by some lower courts in the Eleventh Circuit. *United States ex rel. Carver v. Physicians' Pain Specialists of*

3

*Ala., P.C.*, No. 13-0392-WS-N, 2017 WL 4224587, at *2 (S.D. Ala. Sep. 22, 2017) (Steele, J.).

The authorities that are binding, however, are those of the Circuit, and those authorities signal that the court should not allow discovery in the face of a pending motion to dismiss that tests the legal sufficiency of the complaint — especially when that motion also asserts an immunity defense.  Plaintiff distinguishes these authorities on the ground that the district court in those cases had *expressly deferred ruling* on the motion to dismiss and ordered the parties to engage in discovery.  (*See* Doc. # 33, at 9.)  But were the court to deny Defendant's motion and order the parties to have their Rule 26(f) meeting and exchange initial disclosures, that is essentially what it would be doing.  Thus, Defendant's motion will be granted, and all discovery obligations will be stayed pending a ruling on Defendant's motion to dismiss.

It is ORDERED:

(1)  Defendant's motion to stay discovery and Rule 26 obligations pending a ruling on its motion to dismiss (Doc. # 28) is GRANTED.

(2)  The parties' discovery and Rule 26 obligations are STAYED pending the court's ruling on Defendant's motion to dismiss (Doc. # 20).

DONE this 15th day of March, 2019.

                                            /s/ W. Keith Watkins
                                      UNITED STATES DISTRICT JUDGE